UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO RIOS,<br><br>            Petitioner,<br><br>     v.<br><br>STU SHERMAN,<br><br>            Respondent. | No.  1:12-cv-01806-SKO  HC<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner, a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleges claims of prosecutorial misconduct and imposition of an illegal sentence.[1] Respondent contends that the petition is not fully exhausted and must be denied as a mixed petition. Because the Court agrees that the petition has not been fully exhausted, the Court must dismiss the petition.

I.      **Factual Background**

On August 14, 2009,  Petitioner was incarcerated at California State Prison, Corcoran (CSP-Corcoran).  While on duty at the dining facility, Correctional Officer Ronaldo Gallegos observed Petitioner, an inmate cook, at a gate in a fence that separates the dining hall area from a recreation yard.  Petitioner reached through the gate with his right hand and touched the open

///

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), both parties consented, in writing, to the jurisdiction of a United States Magistrate Judge to conduct all further proceedings in this case, including the entry of final judgment.

1

palm of another inmate, Grant.  Grant then closed his hand and put it into his rear pants pocket.  Grant then removed his open hand from the pocket.

Gallegos and Correctional Officer Lee Cahlander then watched Grant walk to a medical clinic window about 30 to 40 feet from the gate.  Grant made no contact with any other inmate.  Three or four inmates were in the clinic area, but were not by the window.

Gallego and Cahlander detained Grant, and Cahlander searched him.  Cahlander found two plastic bindles containing a brownish substance in Grant's back pants pocket.  Thomas Sneath, a controlled substance analyst, testified that the bindles contained heroin.

## II.     Procedural Background

On November 3, 2010, In Kings County Superior Court, a jury convicted Petitioner of possession of heroin in CSP-Corcoran (Cal. Penal Code § 4573.6) and transportation of heroin (Cal. Health & Safety Code § 11352(a)).  On December 8, 2010, the Court sentenced Petitioner to an aggregate term of 15 years' imprisonment.

On March 25, 2011, Petitioner filed a direct appeal in which he alleged (1) prosecutorial misconduct and (2) illegal sentence enhancement.  On December 12, 2011, the California Court of Appeal affirmed the judgment, finding the prosecutorial misconduct claim to be procedurally defaulted.  The Court of Appeal struck an unauthorized sentence enhancement and remanded to the superior court for amendment of the abstract of judgment.

On January 14, 2012, Petitioner filed a petition for review by the California Supreme Court in which he sought review of the prosecutorial misconduct claim and alleged ineffective assistance of counsel in the failure to object to the prosecutor's closing remarks.  The California Supreme Court summarily denied the petition for review on February 22, 2013.

///

///

### III. Standard of Review

A person in custody as a result of the judgment of a state court may secure relief through a petition for habeas corpus if the custody violates the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a); *Williams v. Taylor*, 529 U.S. 362, 375 (2000).  On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed thereafter.  *Lindh v. Murphy*, 521 U.S. 320, 322-23 (1997).  Under the statutory terms, the petition in this case is governed by AEDPA's provisions because Petitioner filed it after April 24, 1996.

Habeas corpus is neither a substitute for a direct appeal nor a device for federal review of the merits of a guilty verdict rendered in state court.  *Jackson v. Virginia*, 443 U.S. 307, 332 n. 5 (1979) (Stevens, J., concurring).  Habeas corpus relief is intended to address only "extreme malfunctions" in state criminal justice proceedings.  *Id.*  Under AEDPA, a petitioner can prevail only if he can show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Lockyer v. Andrade*, 538 U.S. 63, 70-71 (2003); *Williams*, 529 U.S. at 413.

"By its terms, § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions set forth in §§ 2254(d)(1) and (d)(2)."  *Harrington v. Richter*, 562 U.S. 86, 98 (2011).

As a threshold matter, a federal court must first determine what constitutes "clearly established Federal law, as determined by the Supreme Court of the United States."  *Lockyer*,

///

3

538 U.S. at 71. To do so, the Court must look to the holdings, as opposed to the dicta, of the Supreme Court's decisions at the time of the relevant state-court decision. *Id.* The court must then consider whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." *Id.* at 72. The state court need not have cited clearly established Supreme Court precedent; it is sufficient that neither the reasoning nor the result of the state court contradicts it. *Early v. Packer*, 537 U.S. 3, 8 (2002). The federal court must apply the presumption that state courts know and follow the law. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). The petitioner has the burden of establishing that the decision of the state court is contrary to, or involved an unreasonable application of, United States Supreme Court precedent. *Baylor v. Estelle*, 94 F.3d 1321, 1325 (9th Cir. 1996).

"A federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Lockyer*, 538 U.S. at 75-76. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Thus, the AEDPA standard is difficult to satisfy since even a strong case for relief does not demonstrate that the state court's determination was unreasonable. *Harrington*, 562 U.S. at 102.

### IV.     Dismissal of Mixed Petition

Respondent contends that because Petitioner did not present the illegal sentence claim to the California Supreme Court, the petition must be denied as a mixed petition. Because Petitioner did not file a reply (traverse), he did not address Respondent's argument. In the petition, Petitioner stated only that ground one had been exhausted. Doc. 1 at 12.

///

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Buffalo v. Sunn*, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. *Duncan*, 513 U.S. at 365; *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 8 (1992). The petitioner must also have specifically informed the state court that he was raising a federal constitutional claim. *Duncan*, 513 U.S. at 365-66; *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999); *Keating v. Hood*, 133 F.3d 1240, 1241 (9th Cir. 1998).

Petitioner has not exhausted ground two of the federal petition, in which he claims imposition of an illegal sentence. Because the petition is not fully exhausted, the Court must dismiss it. 28 U.S.C. § 2254(b)(1); *Rose*, 455 U.S. at 521-22.

V.  **Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

In this case, reasonable jurists would not find the Court's determination that it must dismiss the incompletely exhausted petition debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the Court declines to issue a certificate of appealability.

///

**VI.      Conclusion**

The Court hereby DISMISSES the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court declines to issue a certificate of appealability. The Clerk of Court is directed to enter judgment for the Respondent.

IT IS SO ORDERED.

Dated:    **March 2, 2016**                                     **/s/ Sheila K. Oberto**
                                                                UNITED STATES MAGISTRATE JUDGE